UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLSWORTH L. HARRELL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAMION PELONIS, ET AL.,<br><br>　　　　　Defendant(s). | Case No. EDCV 20-198-AB (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Ellsworth L. Harrell ("Harrell" or "Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging various violations of his civil rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **ALLEGATIONS IN THE COMPLAINT**

On January 29, 2020, Harrell filed a Complaint against San Bernardino County District Attorneys Damion Pelonis and Thomas Perkins, San Bernardino County Public Defender Andrew Mul, and San Bernardino County Sheriff Detective Patton

("Defendants") in their individual and official capacities. ECF Docket No. ("Dkt.") 1.

According to the Complaint, on June 7, 1979 Harrell was convicted of rape and forcible oral copulation with a person under 14 years of age in violation of sections 261 and former 288a(c) of the California Penal Code. Dkt. 1 at 4, 91. On July 27, 1979, Harrell was sentenced to seven years in state prison. Id. at 4. Harrell appears to allege his conviction was the result of various constitutional violations, including prosecutorial misconduct, insufficient evidence, confrontation clause violation, and possibly ineffective assistance of counsel.

On or about June 6, 1983, Harrell was released on parole. Id. Harrell alleges he was "never ordered to register 290 for life"[1], but was required to register as a condition of parole. Id. In 1984, Harrell was discharged from parole and in 1985 he moved to Orange County, California. Id. In February 1997, Harrell moved to Utah and then back and forth between Utah and Florida.[2] Id. at 5.

In April 2013, Harrell came to California to visit his son and in May 2013 he was arrested for failing to register. Id. at 6. Harrell alleges that because the district attorney could not get a certified copy of the 1979 conviction, Harrell's public defender, defendant Mul "went down to Los Angeles and got the case, brought [it] back and had [Harrell] plead guilty to failure to register in San Bernardino Co[unty]." Id. On October 29, 2013, Harrell was convicted of failing to register pursuant to Section 290(b) of the California Penal Code and was sentenced to "4 years with 80%". See id. at 4, 47. Harrell alleges he was wrongfully convicted due to defendant Mul's ineffective assistance of counsel. Id. at 6. In April 2016, Harrell was released and went back to Utah and thereafter Florida. Id.

---

[1] Section 290 of the California Penal Code requires mandatory lifetime registration as a sex offender for certain offenses, including section 261 and former section 288a of the California Penal Code. Cal. Penal Code § 290.

[2] In the transcript of Harrell's November 13, 2019 preliminary hearing attached to the Complaint, defendant Patton states Harrell last registered with California in 2002 when he advised he was leaving the state. Id. at 119.

On April 26, 2019, Harrell was arrested for driving under the influence in Baker, California. Id. at 3. Harrell was given a citation and released, but held for a warrant for failing to report to probation upon his release from the 2013 conviction in April 2016. Id. Harrell was taken to court on May 3, 2019 and "received 180 days with half time." Id.

On June 3, 2019, Harrell was "given a bogus Ramey warrant"[3] alleging Harrell had failed to register pursuant to section 290 of the California Penal Code. Id. at 3, 32. On July 30, 2019 defendant Patton was "told by the Department of Justice . . . not to arrest or detain on that order, but he ignored that order." Id. at 3.

On October 30, 2019, defendant Perkins filed a "Declaration in Support of Arrest Warrant and/or Felony Pretrial Confinement" in Case #FSB19003744 in the Superior Court of California, County of San Bernardino declaring there is probable cause to believe Harrell committed the crime of failing to register pursuant to section 290 of the California Penal Code. Id. at 4, 42-43. On November 13, 2019, a First Amended Felony Complaint was filed in Case #FSB19003744 alleging on or about May 30, 2019, Harrell failed to register initially or after an address change. Id. at 4, 47. On November 13, 2019, defendant Patton testified at Harrell's preliminary hearing in Case #FSB19003744. Id. at 105-148.

Based on these allegations, Harrell claims: "false imprisonment, m[a]li[c]ious prosecution, filing bogus warrant/charges, [and] wrongful conviction." Id. at 3. As to each defendant, Harrell alleges:

(a) Defendant Mul "knowingly and willingly went down to the Los Angeles County Court and g[o]t the 1979 conviction and had [Harrell] p[l]ea[d] guilt[y] to it."

---

[3] A "Ramey warrant" is a warrant authorizing the arrest of a suspect within the home before the filing of criminal charges by the district attorney. Goodwin v. Superior Court, 90 Cal. App. 4th 215, 224 (2001) (citing People v. Ramey, 16 Cal. 3d 263 (1976)).

3

(b) Defendant Patton "knowingly and willingly went against the Department of Justice and charged [Harrell] when he was asked not too!"

(c) Defendants Pelonis and Perkins "knew the case FASB 19003744 was untrue. Yet Mr. Perkins pursued a prosecution anyway."

Id. at 2.

Harrell seeks compensatory and punitive damages as well as an order that his record and "all web sites" be cleared of all charges. Dkt. 1 at 8-9.

## III.

## **STANDARD OF REVIEW**

Where a plaintiff proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915 and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re

4

Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

///

# IV.

# DISCUSSION

# HARRELL'S CLAIMS ARE HECK BARRED

## A. APPLICABLE LAW

A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, a claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the [plaintiff] proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (quoting Heck, 512 U.S. at 486-87); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

## B. ANALYSIS

While not entirely clear, in light of Harrell's claims of false imprisonment, malicious prosecution, "filing bogus warrant/charges," and wrongful conviction and request to have his records and websites "cleared", it appears Harrell is seeking to challenge (a) his 1979 conviction on the grounds of prosecutorial misconduct, insufficient evidence, confrontation clause violation, and possibly ineffective assistance of counsel; (b) his 2013 conviction on the grounds of ineffective assistance of counsel; and (c) his 2019 conviction[4] in case #FSB 19003744 on the grounds of

---

[4] The Court recognizes it is not entirely clear from the Complaint whether Harrell was convicted of the failure to register in 2019. To the extent no judgment has yet been rendered, his claims would be barred by Younger abstention. See Younger v. Harris, 401 U.S. 37, 43-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (holding principles of comity and federalism require federal courts to abstain from interfering with pending state court proceedings). Younger abstention is required if state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate federal claims. Columbia Basin Apt. Ass'n v. City of Pasco, 268 F.3d 791, 799-801 (9th Cir. 2001); Cty. of Alameda's Agustin v. Cty. of Alameda, 234 F. App'x 521, 522 (9th Cir. 2007).

insufficient evidence and prosecutorial misconduct. However, Harrell has not shown his convictions have already been invalidated. See Nonnette, 316 F.3d at 875. Thus, his claims are barred under Heck. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (finding "[i]f the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.").

Accordingly, because Harrell's claims necessarily imply the invalidity of his convictions, a petition for a writ of habeas corpus "is the exclusive remedy" for Harrell to challenge his convictions[5] and the Complaint is subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are

---

[5] The Court notes, however, it may not be possible for Petitioner to challenge his convictions through habeas petitions because he is no longer "in custody." See Maleng v. Cook, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir. 1999) (holding "California's sex offender registration requirement does not 'constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner "in custody" for the purposes of federal habeas corpus relief,' but is 'merely a collateral consequence of conviction'"); Holmes v. California, No. EDCV 19-00884-DOC (DFM), 2019 WL 2424108, at *2 (C.D. Cal. June 10, 2019) (same). Nevertheless, Harrell's claims remain barred by Heck because he has not shown he diligently challenged those convictions prior to filing the instant lawsuit. Guerrero v. Gates, 442 F.3d 697, 704-05 (9th Cir. 2006) (holding Heck bars Guerrero's Section 1983 claims of wrongful arrest, malicious prosecution, and conspiracy, even where habeas relief "may be impossible as a matter of law," because "Guerrero never challenged his convictions by any means prior to filing this lawsuit").

1  insufficient to state a particular claim should not be seen as dispositive of that claim.
2  Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual
3  matter in his pleading, accepted as true, to state a claim to relief that is viable on its
4  face, Plaintiff is not required to omit any claim in order to pursue this action.
5  However, if Plaintiff asserts a claim in his First Amended Complaint that has been
6  found to be deficient without addressing the claim's deficiencies, then the Court,
7  pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned
8  district judge a recommendation that such claim be dismissed with prejudice for
9  failure to state a claim, subject to Plaintiff's right at that time to file Objections with
10 the district judge as provided in the Local Rules Governing Duties of Magistrate
11 Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff**

**leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 28, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge